In re ESTATE OF MANTALIS.

[Cite as *In re Estate of Mantalis* (1996), 109 Ohio App.3d 61.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15266.

Decided Jan. 31, 1996.

*Harry G. Beyoglides, Jr.,* appellee administrator with will annexed, *pro se.*

*C. Dino Gianuglou,* for appellees the Greek Orthodox Church of The Annuciation and St. Basil Academy.

*Karen R. Adams* and *Thomas P. Whelley II,* for appellee Hipple Cancer Research Center.

*Don A. Little,* for appellant Andreas P. Panagouleas.

*Curtis F. Slaton,* for appellee United Way.

GRADY, Judge.

Andreas P. Panagouleas appeals from a judgment of the Montgomery County Probate Court which admitted to probate a written will and codicil of George S. Mantalis and denied admission to probate of a subsequent oral will of Mantalis. Panagouleas was a beneficiary under the oral will but not under the written will.

On June 2, 1993, Mantalis executed a written last will and testament. On June 30, 1993, Mantalis executed a written codicil to that will. Pursuant to these documents, Mantalis left his estate to several charitable or religious institutions.

On December 12, 1993, Mantalis allegedly declared an oral will while a patient at St. Elizabeth Hospital. Mantalis died the following day. The alleged oral will was reduced to writing and signed by two witnesses, Pete Panagouleas and Sheila Endrulatis. By the terms of the oral will, Mantalis revoked all prior wills and codicils and left his entire estate to Andreas P. Panagouleas, his cousin, and Panagouleas's immediate family.

Andreas P. Panagouleas filed an application with the probate court in which he sought to admit to probate Mantalis's alleged oral will of December 12, 1993. In

a separate action, the present administrator of Mantalis's estate filed an application with the probate court in which he sought to admit to probate Mantalis's purported written will of June 2, 1993 and written codicil of June 30, 1993.

After conducting a hearing, the probate court entered judgment on both applications. The court found that "the purported written will of George S. Mantalis of June 2, 1993, with codicil attached dated June 30, 1993, is a valid will and the true last will and testament of George S. Mantalis." The court then ordered the admission to probate of the written will and codicil.

The court specifically made no findings as to the validity of the oral will, concluding that such findings were unnecessary because under Ohio law, a written will could not be revoked by an oral will. The court then ordered that the purported oral will of Mantalis not be admitted to probate.

Andreas P. Panagouleas filed a timely notice of appeal and presents a single assignment of error:

"The trial court erred in admitting to probate the written last will and testament of George S. Mantalis of June 2, 1993, together with attached codicil of June 30, 1993, and denying probate to the oral will of George S. Mantalis announced on December 12, 1993."

■ "There is no inherent or common-law right to dispose of one's property by will. Such right depends upon statute." *Kronauge v. Stoecklein* (1972), 33 Ohio App.2d 229, 230, 62 O.O.2d 321, 321, 293 N.E.2d 320, 321.

■ R.C. 2107.60 allows for the disposition of personal property through an oral will under appropriate circumstances. The statute states:

"An oral will, made in the last sickness, shall be valid in respect to personal estate if reduced to writing and subscribed by two competent disinterested witnesses within ten days after the speaking of the testamentary words. Such witnesses must prove that the testator was of sound mind and memory, not under restraint, and that he called upon some person present at the time the testamentary words were spoken to bear testimony to such disposition as his will.

"No oral will shall be admitted to record unless it is offered for probate within six months after the death of the testator."

Mantalis's oral will, by its express terms, revoked all previously made wills and codicils. The probate court made no finding as to the validity of the oral will, and in the context of this appeal the validity of the oral will is not in issue. Instead, the issue for our review is whether an oral will, reduced to writing in compliance with R.C. 2107.60, can revoke a previously made written will.

R.C. 2107.33(A) states:

"A will shall be revoked by the testator by tearing, canceling, obliterating, or destroying it with the intention of revoking it, or by some person in the testator's presence, or by the testator's express written direction, or by *some other written will or codicil, executed as prescribed by sections 2107.01 to 2107.62 of the Revised Code,* or by *some other writing* that is signed, attested, and subscribed in the manner provided by those sections. * * *'" (Emphasis added.)

█ R.C. 2107.33 provides the exclusive methods by which a will may be revoked. In order to make an effective revocation of a previously made will, there must be strict compliance with the provisions of the statute. *Kronauge v. Stoecklein, supra,* 33 Ohio App.2d at 230, 62 O.O.2d at 321–322, 293 N.E.2d at 321; see, also, 31 Ohio Jurisprudence 3d (1981) 439, Decedents' Estates, Section 421.

█ While an oral will is authorized by one of the sections of the Revised Code enumerated in R.C. 2107.33(A), it is by definition not a "written will or codicil" executed as prescribed by those sections. Further, being authorized by one of these sections, it cannot be "some *other* writing" that revokes a prior will. Therefore, an oral will is not a means recognized by R.C. 2107.33(A) for revocation of a prior will, written or oral.

In *Devisees of McCune v. House* (1837), 8 Ohio 144, the Supreme Court held that a written will could not be revoked by a subsequent nuncupative, or oral, will under the statute in effect at that time. The precise language of the statute interpreted in *McCune* is not quoted in the court's decision. However, it is apparent from the opinion that the statutory language employed at the time was structured so as to require a revoking will to be a written one, even though the statute apparently did not use the term "written" when describing the revoking document. *Id.* at 145. If anything, the language used in the present-day statute, specifying that the revoking document be a "written will or codicil", states the requirement more directly. Moreover, the rationale for the *McCune* Court's decision is equally applicable to the present-day statute:

"There are very good reasons why an individual, he who has not yet executed a written will, should be permitted, under peculiar circumstances, to make a verbal one. But when he has already executed a written will with all the solemnities of the law, there are equally strong reasons why the revocation of it should be attended with the same solemnities. It is not in restraint of this free action; it is to protect him from a fraudulent conspiracy, very likely to take place, where he has already disposed of his property counter to the wishes of those who surround him." *Id.,* 8 Ohio at 146.

█ We hold that pursuant to R.C. 2107.33(A), a validly executed written will cannot be revoked by a subsequent oral will, even if the oral will has been reduced to writing in compliance with R.C. 2107.60.

The single assignment of error presented by Panagouleas is overruled. The judgment of the probate court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WOLFF, J., concur.